ARBA CAMPBELL AND OTHERS, RESPONDENTS, v. ALBERT THOMPSON AND OTHERS, APPELLANTS.

*Sale of goods by commission merchants — the payment of the amount due for the commissions does not estop the consignor from recovering damages if the sale was wrongfully made in violation of his instructions.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

The action was brought to recover the damages claimed to have been occasioned by a sale of certain sheep skins consigned by the plaintiffs to the defendants, who were commission merchants in Boston. The plaintiffs claimed and the referee found that the sale was wrongfully made in violation of the terms of the contract upon which the skins were consigned.

The court at General Term, after holding that the findings of the referee were sustained by the evidence, said: "After the defendants had thus sold the plaintiffs' goods there was a balance on the whole account in favor of the defendants against the plaintiffs for advances, over and above receipts, of $166.06. The defendants thereupon, in January, 1877, commenced an action in Massachusetts by attachment against the goods of the plaintiffs, and levied on such goods in Massachusetts. Thereupon the plaintiffs, wishing to obtain possession of their goods without appearing or defending, paid said sum, serving a written protest at the time of payment. The Massachusetts court had jurisdiction to issue the process. The defendants now insist that this voluntary payment by plaintiffs estops them from setting up the claim made in this action.

It is not necessary for us to hold that, as the payment in Massachusetts was made to relieve property taken under due process of law, it was in such a sense compulsory that the plaintiffs could recover back the money. (*Bensen* v. *Monroe*, 7 Cush., 125.) That is not the question here. The plaintiffs do not seek to recover back the money paid by them for commissions on the sale of their goods. They sue for a breach of contract in making the sales in question. The defendants' suit was on the balance of an account, running from 1872, in which the plaintiffs were charged for cash advanced at sundry times for freights, for interest and for commissions; and

were credited with the avails of sundry sales, including those in question. The defendants on this point must insist that the voluntary payment by the plaintiffs of this balance, when sued therefor, is an admission or adjudication that in making all the sales set forth in that account the defendants faithfully discharged their duty as commission merchants to the plaintiffs. The doctrine which the defendants rely upon is that of cases like *Collins* v. *Bennett* (46 N. Y., 490), which was that the recovery by one who was boarding a horse for such board is a bar to an action by the owner for injury done to the horse by the man who was boarding him, on the ground that the judgment was an adjudication that the horse had been well cared for. So, in this case, the defendants urge that a recovery for or payment of (*Blair* v. *Bartlett*, 75 N. Y., 150) the commissions is an adjudication that they had been earned by a faithful discharge of the factor's duty, and therefore that it cannot now be alleged that the factor did not faithfully discharge his duty.

"The case of *Inslee* v. *Hampton* (15 Sup. Ct. N. Y. [8 Hun], 230, and 18 Sup. Ct. N. Y. [11 Hun,] 156), seems to be in point and in favor of the plaintiffs on this question.

*Dunham* v. *Bower* (77 N. Y., 76) holds that a recovery for freight is a bar to an action for damages for the loss of the property on the ground that the carrier did not start at the time agreed, and that by his delay the property perished. If the contract in the present case was, as found, to sell the skins at not less than twenty-five cents, then the contract was broken by the factors, and it is not plain how they could have commissions when they had not performed their contract. So that a payment of the commissions would seem to be inconsistent with the alleging of a breach of the contract.

"But there is a later authority, *Schwinger* v. *Raymond* (83 N. Y., 192). In that case it was held that where a carrier neglects to protect his cargo according to his contract, yet if he delivers the goods the owner may pay the freight and sue for the damages. So that when the carrier's contract is broken by a failure to protect the goods, payment of freight is no bar to an action for damages. Where it is broken by a failure to start in time the rule is otherwise. If, then, the recovery of freight by the carrier is no bar to an action for his breach of contract in not protecting the goods, by analogy the recovery of commissions by the factor should be no bar

to an action for his breach of contract in selling at a price below his instructions."

*Cephas Brainard* and *Rowland M. Hall*, for the appellants.

*George Sidney Camp*, for the respondents.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.